**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **) Case No. 17-03073-01-CR-S-MDH** |
| **Plaintiff,** | **) Springfield, Missouri** |
| | **) October 9, 2018** |
| **v.** | **)** |
| **CLIFFORD BENJAMIN KINKADE,** | **)** |
| **Defendant.** | **)** |

**TRANSCRIPT OF HEARING ON CHANGE OF PLEA BEFORE THE HONORABLE DAVID P. RUSH UNITED STATES MAGISTRATE JUDGE**

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Ms. Ami H.P. Miller<br>Assistant United States Attorney<br>901 St. Louis St., Ste. 500<br>Springfield, MO 65806<br>(417) 831-4406 |
| For the Defendant: | Mr. Adam D. Woody<br>2121 S. Eastgate Ave.<br>Springfield, MO 65809<br>(417) 720-4800 |
| Court Audio Operator: | Ms. Karla Berziel |
| Transcribed by: | Rapid Transcript<br>Lissa C. Whittaker<br>1001 West 65th Street<br>Kansas City, MO 64113<br>(816) 914-3613 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

(Court in Session at 10:29 a.m.)

THE COURT:  Calling in *United States vs. Clifford Benjamin Kinkade*.  The defendant appears in person along with his attorney, Mr. Adam Woody.  United States appears by Assistant United States Attorney, Ms. Ami Miller.  This matter is set this morning -- was set this morning for I believe a pretrial conference but the parties have announced that the defendant intends to enter a plea of guilty to Count Two of the Indictment pursuant to a written Plea Agreement.  Mr. Kinkade, you have signed a consent to have these proceedings for a plea of guilty before a Magistrate Judge, with the understanding that a United States District Judge, a judge of higher jurisdiction, will keep your case for acceptance of the plea of guilty and sentencing.  Even though you signed this consent you have a right, if you wish, to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings.  At any appearance before the District Judge, you're presumed innocent until such time, if ever, as the United States establishes your guilt beyond a reasonable doubt to the satisfaction of the judge or jury.  You always have a right to confront and cross-examine witnesses.  You have a right to use the power of the court to subpoena evidence on your behalf and you have a right to testify or not testify as you would choose.  And if you chose not to testify it would not be held against you as that is your right.  If, after understanding the charges against you, the range of punishment,

if convicted, and your right to appear before a District Judge, if you wish, you may waive or give up that right and proceed this morning before the Magistrate Judge. As I indicated, you have signed such a consent. Do you understand that you have a right to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings?

MR. KINKADE: Yes, sir.

THE COURT: And is it your desire to give up that right and proceed this morning before the Magistrate Judge?

MR. KINKADE: Yes, sir.

THE COURT: Do you understand the charge against you in Count Two of the Indictment in this case?

MR. KINKADE: I understand the charge against me.

THE COURT: Do you understand that if convicted of the charge in Count Two, that the minimum penalty the court may impose is not less than 10 years imprisonment, while the maximum penalty the court may impose is not more than life imprisonment, not more than a $250,000 fine, not less than five years supervised release or life supervised release, and a $100 mandatory special assessment?

MR. KINKADE: Yes, sir.

THE COURT: To the charge in Count Two, how do you wish to plead, guilty or not guilty?

MR. KINKADE: I plead guilty.

THE COURT: Would you please rise and raise your right

hand as best you can?

CLIFFORD BENJAMIN KINKADE, DEFENDANT, SWORN

THE COURT: Has anyone made any threat of any kind to force you to plead guilty or give up any of the other rights we've discussed this morning?

MR. KINKADE: None.

THE COURT: You've signed a Plea Agreement. Have you read that agreement and gone over it with your attorney?

MR. KINKADE: Yes.

THE COURT: Do you understand what's contained within the Plea Agreement?

MR. KINKADE: Yes, everything.

THE COURT: Other than what is contained in the Plea Agreement, has anyone made any promise of any kind to induce you or overcome your will to get you to plead guilty or give up any of the other rights we've discussed?

MR. KINKADE: No, sir. No.

THE COURT: I mentioned to you that there was a supervised release term of not less than five years or up to life supervised release that could be imposed in your case. Do you understand that if that term were imposed and then revoked for any reason, that you could be required to serve an additional term of imprisonment of not more than five years, unless the provisions of 18 U.S.C. Section 3583(k) supersede Section 3583(e)(3) in which case the court must impose a sentence of not

less than five years, and if that happened under either scenario and if that happened, you would receive no credit for any other time you had spent either in custody or on release?

MR. KINKADE: I understand.

THE COURT: Do you understand that the District Court could then impose an additional term of supervised release, which is governed by the maximum of the statute, minus any time you'd spent in custody as a result of a violation?

MR. KINKADE: Yes, sir.

THE COURT: Do you understand that by pleading guilty to the instant offense you will be required under the Sex Offender Registration and Notification Act to register as a sex offender and keep the registration current in each of the following jurisdictions: where you reside, where you are employed and where you are a student?

MR. KINKADE: I understand.

THE COURT: Do you understand that from a sentence imposed in your case that there is no parole?

MR. KINKADE: Yes.

THE COURT: Do you understand that there are Sentencing Guidelines to which the District Court or the sentencing court would refer to in an advisory capacity when attempting to fashion a reasonable sentence in your case?

MR. KINKADE: I'm aware of them.

THE COURT: There are guideline calculations in your

Plea Agreement.  Have you discussed the guidelines with your
attorney?

MR. KINKADE:  Yes.

THE COURT:  And do you understand them?

MR. KINKADE:  In detail, yes.

THE COURT:  Do you understand that the final decision as
to how the guidelines are calculated and ultimately what sentence
will be imposed rests with the District Judge?

MR. KINKADE:  I understand.

THE COURT:  If the District Judge would calculate the
guidelines differently from what is in the Plea Agreement, and
from what you've discussed with your attorney, that fact would
not give you the right to withdraw or change your plea of guilty.
Do you understand that?

MR. KINKADE:  Yes, sir.

THE COURT:  Once the District Judge establishes the
advisory guideline range, in some circumstances, you could be
sentenced above that range and, in other circumstances, you could
be sentenced below that range.  And again, the judge's decision,
if you disagreed, would not give you the right to withdraw your
plea of guilty.  Do you understand that?

MR. KINKADE:  Yes, sir.

THE COURT:  Now, Mr. Kinkade, you have a right to a
trial by jury with all the protections that I explained to you at
the beginning of these proceedings.  Do you understand your right

to a trial by jury?

MR. KINKADE: Yes, I do.

THE COURT: And do you understand that if the court accepts your plea of guilty that there won't be a trial?

MR. KINKADE: I do understand this.

THE COURT: I'm going to ask you about the offense charged in Count Two of the Indictment. I would remind you that you are under oath. You must answer truthfully. Any false answers could result in charges of false swearing or perjury. You always have the right to remain silent. And I want to refer you to your plea bargain agreement, near the top of page 2, Paragraph 3 or Section 3, which is entitled in bold **Factual Basis for Guilty Plea.** That then continues throughout the remainder of page 2 and onto just a brief portion of top part of page 3. Have you read Paragraph 3 and gone over it with Mr. Woody?

MR. KINKADE: In detail, yes, sir.

THE COURT: Are the statements contained in Section 3 true?

MR. KINKADE: Yes, sir.

THE COURT: Mr. Woody, you've had access to the Government's discovery file in this case, have you not?

MR. WOODY: Yes, Your Honor.

THE COURT: And based upon your review of the discovery file, are you satisfied if put to proof, that the United States could make a submissible case as to all the elements pertaining

to Count Two of the Indictment as set forth in Section 3 of the Plea Agreement?

MR. WOODY: I am, Your Honor.

THE COURT: There is an adequate factual basis for the plea of guilty to Count Two. I find that the plea is voluntary and did not result from force, threats or promises other than those set forth in the Plea Agreement. Mr. Kinkade, you are represented in this case by Mr. Woody. Have you had enough time to talk with him about your case?

MR. KINKADE: Yes, sir.

THE COURT: Are you satisfied with the advice that he's given you?

MR. KINKADE: Yes.

THE COURT: The law requires me to ask you if this morning you are on any medication prescribed by a physician or any drugs or alcohol of any kind which would affect your ability to understand these proceedings?

MR. KINKADE: None of the above.

THE COURT: The plea bargain agreement that you've signed also contains what we refer to as an appeal waiver. And I want to refer you again back to your plea bargain agreement, this time to the bottom of page 9, Paragraph 15 which is entitled in bold **Waiver of Appellate and Post-Conviction Rights.** As I indicated, this begins at the bottom of page 9 and then takes up about the top third portion of page 10. Have you read Paragraph

15 and gone over it with your attorney?

MR. KINKADE: Yes, all of it, sir.

THE COURT: Do you understand that by signing this Plea Agreement that you've given up those rights to appeal as set forth in Paragraph 15?

MR. KINKADE: I'm under -- yes.

THE COURT: Understanding that and the other matters that we've discussed this morning, is it your desire for the court to accept the plea of guilty?

MR. KINKADE: Yes.

THE COURT: Ms. Miller, on behalf of the United States, do you have any other record under Rule 11 that you think I need to make?

MS. MILLER: None, Your Honor.

THE COURT: Mr. Woody, on behalf of the defendant, do you have any other record under Rule 11 that you think I need to make?

MR. WOODY: No, Your Honor.

THE COURT: I will recommend the plea of guilty be accepted and I will order a Presentence Investigation to be conducted by the Probation Office. If there's nothing further, we'll be in recess. Thank you.

(Court Adjourned at 10:38 a.m.)

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

/s/ Lissa C. Whittaker        October 15, 2018
Signature of transcriber              Date